IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00894-BNB

EDWIN MARK ACKERMAN,

    Applicant,

v.

WARDEN LARRY RIED, Colorado State Pen., and
U.S. ARMY,

    Respondents.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 1 7 2007

GREGORY C. LANGHAM
CLERK

---

## ORDER DIRECTING APPLICANT TO FILE AN AMENDED APPLICATION

---

Applicant, Edwin Mark Ackerman, is in the custody of the Colorado Department of Corrections at the Colorado State Penitentiary in Cañon City, Colorado. Mr. Ackerman has filed a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 challenging a conviction for rape and larceny imposed by a general court martial at Fort Carson, Colorado. He raises six claims, arguing that (1) he was not read his *Miranda* rights, (2) counsel was ineffective in his investigation of the illegal confession and the DNA evidence, (3) the prosecution suppressed evidence of another suspect identified in the line-up, (4) Applicant has dark hair and tattoos and does not match the description of the assailant, (5) contrary to 10 U.S.C.A. § 4083 he is being held in a state prison, and (6) the commanding general was involved with the plea bargaining of an enlisted man.

Mr. Ackerman claims he presented Claims One through Four to this Court, but he filed the claims on the wrong form. He further claims that he has presented Claims

Five and Six in the "lower courts," but the claims were ignored. (Application at 3-A and Attach. Page.) Although it is not clear what Applicant is attempting to assert by stating that his claims were presented on the wrong forms, the Court finds that the claims Mr. Ackerman is attempting to raise again in the instant action properly were addressed by the Court pursuant to § 2241, as stated below. The Court also finds that Claim Six was not ignored by this Court but also was addressed as stated below.

A federal court has limited authority to review court-martial proceedings. "[F]ederal courts have jurisdiction over applications for habeas corpus by persons incarcerated by the military courts, though 'in military habeas corpus the inquiry, the scope of matters open to review, has always been more narrow than in civil cases.'" **Lips v. Commandant, U.S. Disciplinary Barracks**, 997 F.2d 808, 811 (10th Cir. 1993) (citing **Burns v. Wilson**, 346 U.S. 137, 139 (1953)). It is not the function of the civil court to re-evaluate or reassess the evidence previously presented to the military tribunal. **Burns**, 346 U.S. at 144. If the military court has given full and fair consideration the civil court's inquiry is concluded and the § 2241 action should be denied. **Burns**, 346 U.S. at 139.

This action is a third application raising claims regarding Applicant's conviction for rape and larceny imposed by a general court martial at Fort Carson, Colorado. The Court, therefore, must consider whether review of Applicant's claims is appropriate. "A second or successive [application] may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ."

2

*Parks v. Reynolds*, 958 F.2d 989, 994 (10th Cir. 1992). "With regard to the successive claims, the burden is on the [applicant] to show that 'although the ground of the new application was determined against him on the merits on a prior application, the ends of justice would be served by a redetermination of the ground.' " *Parks v. Reynolds*, 958 F.2d 989, 994 (10th Cir. 1992) (quoting *Sanders v. United States*, 373 U.S. 1 (1963)).

To make this showing, an applicant must demonstrate that "a constitutional violation probably has caused the conviction of one innocent of the crime." *McCleskey v. Zant*, 499 U.S. 467, 494 (1991) (equating "ends of justice" standard with "fundamental miscarriage of justice" standard used in abuse of the writ analysis). Review of a successive application for relief of claims already considered and rejected by a federal court is to be granted only in those rare instances in which "the prisoner supplements his constitutional claim with a colorable showing of factual innocence." *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986). To show factual innocence an applicant must set forth "at least sufficient claims and facts that–had the jury considered them–probably would have convinced the jury that the defendant was *factually innocent.*" *Parks v. Reynolds*, 958 F.2d 989, 995 (10th Cir.), *cert. denied*, 503 U.S. 928 (1992) (emphasis in original).

In Applicant's first § 2241 application in this Court, Case No. 00-cv-01648-REB-CBS, he raised five claims. In claim one of Case No. 00-cv-01648-REB-CBS, he asserted that the victim could not help with identifying the suspect; that the hair color of the identified suspect was different than his; and that there was no DNA evidence located, and no attempt to match the evidence taken, at the scene of the crime. In

3

claim two, Mr. Ackerman alleged that the victim changed her original statement after she talked with a psychologist.  In claim three, he alleged that the victim was shown pictures in November 1994 of the assailant, but Applicant was not charged with the offenses until March 1995.  In claim four, Mr. Ackerman asserted that the victim identified another suspect in a physical lineup on January 9, 1995.  In claim five, Applicant contends that during the pretrial hearing he was unable to confront his accuser.

On appeal, in Case No. 00-cv-01648-REB-CBS, Mr. Ackerman argued that (1) his counsel was ineffective in not performing an adequate investigation, (2) his counsel was ineffective for advising him to plead guilty, (3) his confession was involuntary because he was not read his *Miranda* rights, (4) the government failed to provide evidence concerning the physical lineup, and the lineup was conducted without counsel present, (5) the government did not have sufficient evidence, and (6) the government was not compelled to present the accuser at the pretrial hearing and counsel failed to object. *Ackerman v. Novak*, 2003 WL 1904791, **2, No. 02-1237 (10th Cir. Apr. 21, 2003).

The Tenth Circuit found, in *Ackerman v. Novak*, that Applicant's sufficiency of the evidence claim lacked merit, and the other claims were waived either because Mr. Ackerman failed to raise them before the military courts or because he failed to assert the claims in this Court. *Id.*  The Tenth Circuit further found, citing to *Roberts v. Callahan*, 321 F.3d 994, 995 (10th Cir. 2003), that once a claim is waived a habeas petitioner may obtain relief only by showing cause and actual prejudice. *Id.*

4

Mr. Ackerman then filed a second § 2241 action in this Court again challenging his conviction imposed by a general court martial at Fort Carson, Colorado. *See Ackerman v. Zenon, et al.*, No. 04-cv-02494-ZLW (D. Colo. Mar. 16, 2005) (Not Selected for Publication). In Case No. 04-cv-02494-ZLW, Mr. Ackerman raised seven claims, arguing that (1) the victim failed to describe him as the suspect, (2) he was not read his *Miranda* rights, (3) evidence was available, but was not submitted, that would have established that he was not identified in a physical line-up, (4) no DNA evidence was presented that would identify him as the suspect, (5) he was not allowed to confront the victim at the pretrial proceedings, (6) the commanding general illegally influenced the negotiations of his plea, and (7) the victim failed to identify the two tattoos on his shoulder as identifiable marks. The application in Case No. 04-cv-02494-ZLW was denied as an abuse of the writ. The Court found that Mr. Ackerman failed to demonstrate either cause and prejudice or a colorable showing of factual innocence. Mr. Ackerman appealed the dismissal, and the Tenth Circuit dismissed the appeal. *See Ackerman v. Zenon, et al.*, No. 05-1167 (10th Cir. Sept. 30, 2005) (Not Selected for Publication).

The Court finds that Claims One through Four and Six were raised previously in either Case No. 00-cv-01648-REB-CBS or Case No. 04-cv-02494-ZLW and were decided on the merits. The Court also finds that Mr. Ackerman fails either to show cause and prejudice or a colorable showing of factual innocence with respect to these claims. Therefore, Claims One through Four and Six are inappropriately raised in the instant Application pursuant to 28 U.S.C. § 2244(a).

As for Claim Five, Applicant fails to assert exhaustion of the claim. He simply

5

states that he has raised the claim in lower courts, that the claim was ignored, and that the military courts will not do anything while he is held at the DOC.  Furthermore, the Court finds no federal statute identified as 10 U.S.C.A. § 4083, upon which Applicant relies for his assertion that he should be returned to the United States Army's custody.  Mr. Ackerman is directed to amend the Application, assert only Claim Five, and state what federal rights are being violated and how he has exhausted his remedies in this claim.  Accordingly, it is

ORDERED that Mr. Ackerman file **within thirty days from the date of this Order** an Amended Application that complies with this Order.  It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Ackerman, together with a copy of this Order, two copies of the following form:  Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  It is

FURTHER ORDERED that if Mr. Ackerman fails within the time allowed to file an Amended Application, as directed, the action will be dismissed without further notice.

DATED May 17, 2007, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No.  07-cv-00894-BNB

Edwin Mark Ackerman
Prisoner No. 87741
Colorado State Penitentiary
PO Box 777 - A422
Cañon City, CO 81215- 0777

I hereby certify that I have mailed a copy of the **ORDER and two copies of Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** to the above-named individuals on 5/17/07

GREGORY C. LANGHAM, CLERK

By _____
Deputy Clerk